JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Caroline Alesiani

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** ~~At~~torneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS

Educational Commission For Foreign Medical Graduates

County of Residence of First Listed Defendant __Philadelphia__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101 et seq.

Brief description of cause:
Plaintiff was discriminated against based on her disability.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
05/11/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19147 _____

Address of Defendant: _____ 3624 Market Street, Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ 3624 Market Street, Philadelphia, PA 19104 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | |
|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐  No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐  No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐  No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐  No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/11/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 205900 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 05/11/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 205900 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CAROLINE ALESIANI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDUCATIONAL COMMISION FOR FOREIGN MEDICAL GRADUATES | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 05/11/2021 | *[signature]* | Plaintiff, Caroline Alesiani |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| **CAROLINE ALESIANI** | : | |
| **Philadelphia, PA 19147** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EDUCATIONAL COMMISSION FOR** | : | |
| **FOREIGN MEDICAL GRADUATES** | : | |
| **3624 Market Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |

_____ :

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Caroline Alesiani, brings this action against her former employer,

Educational Commission for Foreign Medical Graduates ("Defendant").  Shortly after

learning that Plaintiff, a thirty (30) year employee with an excellent employment record,

had to go out on medical leave to undergo surgery in connection with her (prior) breast

cancer treatment, Defendant discriminated against Plaintiff based upon the same.

Plaintiff went out on approved medical leave due to Defendant's discriminatory conduct

and was, eventually, terminated after she was medically unable to return to work.

Defendant engaged in discriminatory conduct towards Plaintiff in violation of

the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"),

the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"),

and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

## II.   **PARTIES**

1.      Plaintiff, Caroline Alesiani, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Defendant, Educational Commission for Foreign Medical Graduates, is incorporated in Pennsylvania, and has a principal place of business at 3624 Market Street, Philadelphia, PA 19104.

3.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4.      At all times material hereto, Defendant employed more than fifteen (15) employees.

5.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

7.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.   **JURISDICTION AND VENUE**

8.      The causes of action which form the basis of this matter arise under the ADA, the PHRA, and the PFPO.

9.      The District Court has jurisdiction over Count I (ADA) pursuant to 28 U.S.C. § 1331.

10.     The District Court has supplemental jurisdiction over Count II (PHRA)

and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in the District Court under 28 U.S.C. §1391(b)

12.     On or about August 27, 2018, Plaintiff filed a Complaint of

Discrimination with the Pennsylvania Human Relations Commission ("PHRC"),

complaining of acts of discrimination and retaliation alleged herein.  This Complaint was

cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached

hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the

PHRC Complaint of Discrimination (with personal identifying information redacted).

13.     On or about February 11, 2021, the EEOC issued to Plaintiff a Notice of

Right to Sue for her Complaint of Discrimination.  Attached hereto, incorporated herein,

and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with

personal identifying information redacted).

14.     Plaintiff has fully complied with all administrative prerequisites for the

commencement of this action.

## IV.   **FACTUAL ALLEGATIONS**

15.     Plaintiff began working at Defendant in around March 1988.  She last held

the position of Operations Supervisor.

16.     At all times material hereto, Plaintiff consistently performed her duties in

a highly competent manner.

17.     In or around January 2017, Plaintiff started reporting to Jennifer Rule,

Operations Director.  Rule reported to Kara Corrado, Vice President for Operations.

18.     In or around March 2018, Plaintiff informed Defendant that she had to

undergo surgery related to her previous breast cancer diagnosis.  Plaintiff told Defendant

that the surgery was scheduled for September 2018, and that she expected that she would need to take medical leave to recover from the same.

19.     Plaintiff had been diagnosed with breast cancer in around 2013.  She had undergone multiple surgeries in connection with the same, including a total mastectomy, the surgical removal of her breasts, and including reconstruction of her breasts.

20.     Prior to 2018, Plaintiff had not had to undergo any surgeries or treatments in connection with her breast cancer since around 2014/2015.

21.     The surgery that Plaintiff had to undergo in September 2018 was to correct an abdominal bulge that had developed in connection with portions of the abdominal wall and fatty tissue that was removed in order to reconstruct her breasts after her mastectomy.

22.     As Plaintiff understood it, the surgery that she was to undergo in September 2018 was also expected to alleviate pain and discomfort that she had been having due to the abdominal bulge as well as improving her ability to lift items, an activity in which she had been restricted since her earlier surgeries.

23.     After Plaintiff informed Defendant of issues related to her medical condition, and need to take medical leave in connection with the same, in around March 2018, Defendant treated her worse than it had previously, including that which is set forth below.

24.     Rule was hostile and dismissive with Plaintiff in a way that she had not been prior to Plaintiff informing Defendant of her medical condition and need for medical leave, and in a way that she did not demonstrate with her non-disabled direct reports.  By way of example only:

          (a)     Rule told other supervisors to copy her on email exchanges with

4

Plaintiff so that she could check Plaintiff's writing and communication skills;

(b)     Rule told Plaintiff how to supervise her staff, including what specific instructions to give them and tasks to assign to them;

(c)     Rule undermined Plaintiff's authority in front of her staff, including by speaking to Plaintiff in a condescending and hostile tone that made it clear that she did not respect or trust Plaintiff;

(d)     Rule scrutinized Plaintiff's work and decisions in a way that indicated that she believed that Plaintiff was not competent to do her job; and,

(e)     Rule was dismissive of Plaintiff's opinions and recommendations regarding her team and her work.

25.     On or about July 2, 2018, Defendant issued Plaintiff a Performance Expectations write-up, i.e., a performance warning.

26.     During the meeting in which Rule gave Plaintiff the performance write-up, it was clear to Plaintiff that Defendant was trying to pressure her to resign her employment before she went out on a medical leave of absence in September.

27.     The performance write-up included references to issues or incidents that had, in some cases, occurred months earlier, and Defendant had not indicated to Plaintiff that they were concerning or evidence of deficient performance at that time.

28.     The performance write-up stated that Plaintiff's failure to meet expectations as set forth in the write-up "may lead to further corrective action, up to and including termination."

29.     The July 2018 write-up was the first time that Defendant had issued Plaintiff a performance write-up throughout her thirty years of employment.

30.    In January 2018, Plaintiff had received her annual performance evaluation from Defendant.  Consistent with her other evaluations during her employment, both the rating and the feedback were positive.

31.    On or about July 9, 2018, and at Rule's instruction, Plaintiff met with Rule, again, regarding the performance write-up.

32.    Rule's hostile and dismissive conduct towards Plaintiff at the July 9th meeting again, made it clear to Plaintiff that Defendant was trying to pressure her to resign her employment before she went out on a medical leave of absence in September.

33.    On or about July 31, 2018, Plaintiff went out on an approved medical leave of absence due to medically-diagnosed stress and anxiety that she was experiencing as a result of Defendant's discriminatory conduct.

34.    On or about August 3, 2018, Plaintiff advised Defendant of her belief that Defendant issued her performance write-up to her on the basis of her medical condition and need for medical leave, especially considering that her last review, in January 2018, had been positive.

35.    Defendant responded acknowledging that it had received Plaintiff's complaint that she was being treated unfavorably due to her medical condition and request for medical leave and that, upon her return to work, it would set up a meeting, including with Rule, to discuss the same.

36.    Defendant did not further respond to Plaintiff's complaints regarding the discriminatory treatment to which she was subjected.

37.    On or about August 28, 2018, Plaintiff advised Defendant that she had filed a Complaint with the PHRC.

38.     After Plaintiff was unable to return to work as a result of Defendant's discriminatory conduct, Defendant terminated her employment effective October 14, 2019.

39.     The hostile work environment to which Defendant subjected Plaintiff caused and exacerbated her medical problems and caused Plaintiff to take her medical leave of absence.

40.     Plaintiff's actual and/or perceived disability and/or record of impairment was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff.

41.     Plaintiff was subjected to severe and/or pervasive conduct that that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

42.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

43.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I – ADA

44.     Plaintiff incorporates herein by reference paragraphs 1 through 43 above, as if set forth at length herein.

45.     Defendant, by the above discriminatory and harassing acts, has violated

the ADA.

46.     Defendant's violation of the ADA was intentional and willful warranting the imposition of punitive damages.

47.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

48.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

49.     Plaintiff incorporates herein by reference paragraphs 1 through 48 above, as if set forth herein in their entirety.

50.     Defendant, by the above improper and discriminatory acts, has violated the PHRA.

51.     Said violations were intentional and willful.

52.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

54.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

55.     Plaintiff incorporates herein by reference paragraphs 1 through 54 above, as if set forth herein in their entirety.

56.     Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

57.     Said violations were intentional and willful.

58.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

59.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

60.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)      awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)      awarding punitive damages to Plaintiff under the ADA;

(i)      awarding Plaintiff such other damages as are appropriate under the ADA, the PHRA, and the PFPO;

(j)      awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(k)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


**CONSOLE MATTIACCI LAW, LLC**


Dated:  May 11, 2021              BY:   _____
                                       Caren N. Gurmankin (205900)
                                       1525 Locust Street, 9th Floor
                                       Philadelphia, PA 19102
                                       (215) 545-7676

                                       Attorney for Plaintiff,
                                       Caroline Alesiani

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| | : |
| Caroline Alesiani, | : |
|     Complainant | : |
| | : |
|         v. | : PHRC Case No. 201800752 |
| | : |
| Educational Commission for Foreign | : EEOC No. 17F201960165 |
| Medical Graduates, | |
|     Respondent | : |
| | : |

## COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2. The Complainant herein is:

    Caroline Alesiani
    <span style="background:black;color:red">redacted</span>
    Philadelphia, PA  19147

3. The Respondent herein is:

    Educational Commission for Foreign Medical Graduates
    3624 Market Street
    Philadelphia, PA 19104

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

                                  :

**CAROLINE ALESIANI**           :         Docket No. *201800752*

                                    :

v.                                    :

                                    :

RESPONDENT:                      :

**EDUCATIONAL COMMISSION FOR**  :
**FOREIGN MEDICAL GRADUATES**    :

                                    :

**Received**

AUG 2 7 2018

PA Human Relations Commission
Philadelphia Regional Office

1. The Complainant herein is:

    Name:      Caroline Alesiani

    Address:    <span style="background-color:black;color:red">redacted</span>
                Philadelphia, PA 19147

2. The Respondent herein is:

    Name:      Educational Commission for Foreign Medical Graduates

    Address:    3624 Market Street
                Philadelphia, PA 19104

3. I, Caroline Alesiani, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as), as set forth below:

### Discrimination

    **A. I specifically allege:**

    [1]      I was hired by Respondent in or about March 1988. I am a current employee of Respondent. I consistently perform my job duties in a highly competent manner.

[2]       I report to Jennifer Rule, Operations Director.  Rule reports to Kara Corrado, Vice President for Operations, who reports to Lisa Cover, Senior Vice President for Business Development and Operations.

[3]       I hold the position of Operations Supervisor.

[4]       I began reporting to Rule in or about January 2017.

[5]       In or about January 2018, I received a positive performance evaluation.

[6]       In or about February 2018, I informed Respondent that I require surgery to make corrections to a mastectomy I had due to my breast cancer.  I informed Respondent that my surgery is scheduled for September 2018, and that I would be going on a medical leave of absence for my surgery and recovery.

[7]       On or about July 2, 2018, in a meeting with Rule, Respondent issued to me a Performance Expectations write-up.  I was blindsided.  During the meeting, it was clear to me that Rule was trying to get me to leave Respondent, and resign from my employment with Respondent, before I went out on a medical leave of absence in September 2018.

[8]       On or about July 9, 2018, I met with Rule with regard to the Performance Expectations write-up.  The Performance Expectations write-up contained false statements and mischaracterizations.

[9]       Before July 2, 2018, I had no indication that Respondent allegedly found my performance deficient.

[10]       Rule treated me differently, and in a more hostile and dismissive manner, than she treated her nondisabled[1] direct reports, including John Daniels, Operations Supervisor, Stephen Hymns, Information Technology Operations, and Stephen Haldis, Quality Assurance Coordinator.  I am more qualified than Daniels to perform my job duties.

---

[1] References herein to an employee not having a disability are to the best of my knowledge.

[11]     On July 31, 2018, I went out on a medical leave of absence due to the stress, anxiety, and worsened psoriasis I was experiencing, caused by the hostile work environment to which Respondent has subjected me because of my disability. I remain on a medical leave of absence.

[12]     On August 3, 2018, I sent an email to Respondent, including Rule, Corrado, and Helen Ann Lisowski, Human Resources Business Partner, stating the following: "I was blindsided by the Performance Expectations write-up I received on July 9, 2018. I do not understand why I was given [a] write-up because I received a positive/good performance evaluation in January 2018. In March, I notified the company of my medical condition and the need for a brief leave of absence. The only reason I can point to [for] the write up is my medical condition and my need for a leave of absence."

[13]     On August 7, 2018, I received a response from Corrado, acknowledging my August 3, 2018 email. Respondent did not deny that the only reason for issuing to me the Performance Expectations write-up was my medical condition and my need for a leave of absence.

[14]     Respondent discriminated against me based on my disability in issuing to me a Performance Expectations write-up, subjecting me to a hostile work environment, and failing to engage in an interactive process with me and/or accommodate me for my disability.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of disability (including history of and regarded as), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices

in violation of:

    **X**    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744; as amended) Section 5 Subsection(s):   (a)**

    _____    Section 5.1 Subsection(s) _____

    _____    Section 5.2 Subsection(s) _____

    _____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

    **X**    **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.    The Complainant prays that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

8/24/18
(Date Signed)

(Signature)   Caroline Alesiani
redacted
Philadelphia, PA 19147

# Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Caroline Alesiani**
~~redacted~~
**Philadelphia, PA 19147**

From: **Philadelphia District Office
801 Market Street
Suite 1000
Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2019-60165** | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Jamie R. Williamson
District Director**

02/11/2021
*(Date Issued)*

CC: **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

**Caren Gurmankin, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102**
gurmankin@consolelaw.com
buccieri@consolelaw.com

**Shane C. Siegel, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921**
scsiegel@morganlewis.com