IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE ALESIANI, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, <br><br> Defendant. | Civil Action No. 2:21-cv-02152-PD |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff Caroline Alesiani ("Plaintiff") in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

**INTRODUCTION[1]**

ECFMG admits only that Plaintiff is a former employee of ECFMG who worked there for approximately thirty years, she went out on a leave of absence in July 2018, that after accommodating her leave of absence for approximately fifteen months, ECFMG terminated her employment on October 14, 2019, and that she purports to bring this action for relief under the Americans with Disabilities Act ("ADA"), Pennsylvania Human Relations Act ("PHRA"), and Philadelphia Fair Practices Ordinance ("PFPO"). ECFMG denies the remaining allegations in the

---

[1] ECFMG includes the headings used in the Complaint solely for ease of reference. ECFMG does not consider the headings used in the Complaint to be substantive allegations to which a response is required. To the extent any response is required, ECFMG denies any and all allegations within any such headings.

"Introduction" unnumbered section. ECFMG specifically denies that it violated the ADA, PHRA, or PFPO or any other statute or law, or that Plaintiff is entitled to relief of any kind.

## PARTIES

1. ECFMG admits that Plaintiff is an individual, Caroline Alesiani, and that its records reflect that her last known address was in Pennsylvania.

2. Admitted.

3. The allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

4. Admitted.

5. The allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

6. The allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

7. The allegations in Paragraph 7 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

## JURISDICTION AND VENUE

8. ECFMG admits only that Plaintiff purports to allege claims under the ADA, PHRA, and PFPO.

9. Admitted.

10. The allegations in Paragraph 10 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

11. Admitted.

12. ECFMG admits only that Plaintiff filed a complaint with the Pennsylvania Human Relations Commission on August 27, 2018 and cross-filed the complaint with the Equal Employment Opportunity Commission. The remaining allegations in Paragraph 12 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 12 misconstrue, mischaracterize, or misstate the content of such document, they are denied.

13. ECFMG admits only that the EEOC issued to Plaintiff a Notice of her Right to Sue for her Complaint of Discrimination that is dated February 11, 2021. The remaining allegations in Paragraph 13 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 13 misconstrue, mischaracterize, or misstate the content of such document, they are denied.

14. The allegations in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

## FACTUAL ALLEGATIONS

15. Admitted.

16. Denied.

17. Admitted.

18. ECFMG admits only that, at some point in time, Plaintiff informed ECFMG that she would need to undergo a medical procedure. ECFMG denies the remaining allegations in Paragraph 18.

19. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and the same, therefore, are denied.

20. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and the same, therefore, are denied.

21. ECFMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the same, therefore, are denied.

22. ECFMG is without knowledge or information sufficient to form a belief as to what Plaintiff understood and, therefore, denies the allegations in Paragraph 22.

23. Denied.

24. Denied.

25. ECFMG admits that it issued Plaintiff a Performance Expectations Memorandum. ECFMG denies the remaining allegations in Paragraph 25.

26. ECFMG is without knowledge or information sufficient to form a belief as to what was "clear to Plaintiff" and, therefore, denies the allegations in Paragraph 26. ECFMG specifically denies that it "was trying to pressure [Plaintiff] to resign her employment before she went out on a medical leave of absence in September."

27. ECFMG denies that it had not indicated to Plaintiff that her performance was deficient or concerning before July 2, 2018. The remaining allegations in Paragraph 27 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 27 misconstrue, mischaracterize, or misstate the content of such documents, they are denied.

28. The allegations in Paragraph 28 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 28 misconstrue, mischaracterize, or misstate the content of such documents, they are denied.

29. Denied.

30.     ECFMG admits that it provided Plaintiff her 2017 annual performance evaluation in January 2018. The remaining allegations in Paragraph 30 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 30 misconstrue, mischaracterize, or misstate the content of such documents, they are denied.

31.     Admitted.

32.     ECFMG is without knowledge or information sufficient to form a belief as to what was "clear to Plaintiff" and, therefore, denies the allegations in Paragraph 32 related to same. ECFMG denies the remaining allegations in Paragraph 32. ECFMG specifically denies that Rule was "hostile" or "dismissive" or that it "was trying to pressure [Plaintiff] to resign her employment before she went out on a medical leave of absence in September."

33.     ECFMG admits that Plaintiff went out on an approved leave of absence beginning on July 30, 2018. ECFMG denies the remaining allegations in Paragraph 33.

34.     The allegations in Paragraph 34 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 34 misconstrue, mischaracterize, or misstate the content of such documents, they are denied.

35.     The allegations in Paragraph 35 purport to characterize a written document that speaks for itself. To the extent that the allegations of Paragraph 35 misconstrue, mischaracterize, or misstate the content of such documents, they are denied.

36.     Denied.

37.     Admitted.

38.     ECFMG admits that it terminated Plaintiff's employment on October 14, 2019 after providing her with a fifteen-month leave of absence.

39.     Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## **COUNT I – ADA**

44. ECFMG incorporates by reference its responses to Paragraph 1-43 as though set forth fully herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## **COUNT II – PHRA**

49. ECFMG incorporates by reference its responses to Paragraph 1-48 as though set forth fully herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## **COUNT III – PFPO**

55. ECFMG incorporates by reference its responses to Paragraph 1-54 as though set forth fully herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## RELIEF

ECFMG denies that Plaintiff is entitled to any damages or other relief, including the relief described in the unnumbered "WHEREFORE" paragraph, including subparts (a)-(k), following Paragraph 60.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

2. Plaintiff's conduct is the sole and exclusive legal cause of the damages and harm she alleges.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to timely exhaust her administrative remedies and/or satisfy other procedural requirements.

4. To the extent that Plaintiff has failed to mitigate her alleged damages, her claims and remedies are diminished or barred.

5. Plaintiff's claim for punitive damages is barred, in whole or in part, because ECFMG made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of discrimination alleged in the Complaint.

6. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory or retaliatory motive and for legitimate, non-discriminatory, and non-retaliatory reasons.

7. ECFMG consistently maintained, implemented, and enforced its policies in the workplace against discrimination and retaliation and otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination and/or retaliation. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities or to avoid harm otherwise.

8. Plaintiff cannot make a *prima facie* case of disability discrimination because she cannot demonstrate that she was disabled or regarded as disabled or treated differently than any similarly situated non-disabled employee. Alternatively, even if she could, which ECFMG denies, disability was not a factor in any employment decision about which Plaintiff complains. Even if Plaintiff's disability had been a factor in any decision about which she complains, which ECFMG expressly denies, ECFMG would have made the same decision in the absence of the consideration of her disability.

9. Plaintiff cannot make a *prima facie* case of hostile work environment because she cannot demonstrate that she was subjected to unwelcome harassment or that any such harassment, which ECFMG denies, was sufficiently severe and pervasive to alter the terms and conditions of her employment. Alternatively, even if Plaintiff demonstrates that she was subjected to unwelcome harassment or that any such harassment was sufficiently severe and pervasive to alter the terms and conditions of her employment, which ECFMG denies, ECFMG exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by ECFMG.

10. To the extent ECFMG engaged in any unlawful conduct in connection with Plaintiff's employment and/or separation from employment (which ECFMG denies), ECFMG would have engaged in the same course of conduct based on legitimate, non-discriminatory, and non-retaliatory reasons.

11. Subject to proof through discovery, Plaintiff's request for relief is barred in whole or in part by the after-acquired evidence doctrine.

12. ECFMG reserves the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, ECFMG respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in its favor, together with the costs of this action, including attorneys' fees, and any other relief deemed appropriate by the Court.

Dated: June 10, 2021

Respectfully submitted,

/s/ A. Klair Fitzpatrick
A. Klair Fitzpatrick (PA Bar No. 309329)
Max O. Bernstein (PA Bar No. 325405)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
klair.fitzpatrick@morganlewis.com
max.bernstein@morganlewis.com

*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June, 2021, I caused a true and correct copy of the foregoing Defendant's Answer and Defenses to Plaintiff's Complaint to be served on all counsel of record via ECF.

                                              */s/ A. Klair Fitzpatrick*
                                              A. Klair Fitzpatrick