IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE ALESIANI,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 2:21-cv-02152-PD |

## REPORT OF RULE 26(f) CONFERENCE

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Caroline Alesiani and Defendant Educational Commission for Foreign Medical Graduates (collectively, the "Parties") conferred on June 15, 2021 and submit the following discovery plan for the Court's consideration:

1. Rule 26(a)(1) disclosures. The Parties have already exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

2. Subjects on which discovery may be needed. Plaintiff anticipates needing discovery on topics including the following: Plaintiff's employment and performance history; the employment and performance histories of Plaintiff's comparators and replacement(s); other complaints involving disability discrimination; Defendant's discriminatory conduct towards Plaintiff; and, Defendant's defenses. Defendant anticipates needing discovery on the Parties' claims and defenses and Plaintiff's alleged damages.

3. Disclosure, discovery, and preservation of electronically stored information issues. Defendant has advised that it believes that ESI is unnecessary in this matter, given the discrete allegations at issue. Plaintiff has submitted a list of five custodians, excluding Plaintiff, and search

terms for Defendant's consideration. Although Defendant is in the process of reviewing the same, it has expressed to Plaintiff that the terms and custodians are overbroad and will cause Defendant to incur undue costs and burdens; however, Defendant has not yet provided specific information or alternatives. Defendant is willing to work with Plaintiff to undertake a reasonable search for ESI, but it does not have an estimated production date as of this time, given that the parties have not agreed to parameters.

Plaintiff also has indicated that she wishes to depose five current and former ECFMG employees (at this time and without the benefit of any discovery from Defendant). Defendant has expressed that it does not believe that all of these depositions are necessary.

The Parties are attempting to work through the above-referenced issues, as well as scheduling, and will seek the Court's assistance if they are unable to do so.

4. <u>Confidentiality and privilege issues.</u> Given that this case involves sensitive personnel information, including medical records, the Parties have a need for a protective order under Fed. R. Civ. P. 26(c) covering the production of certain business and proprietary records, including medical records. The Parties are working together to agree on a proposed stipulated protective order and will present it to the Court. The Parties agree that inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the producing party agrees that it shall promptly notify the recipient of the claim and the basis for the same, serve a privilege log regarding the information produced so that the recipient may assess the producing party's claim of privilege, and that it will preserve the information until such time as a claim is resolved. The recipient agrees that it shall promptly return all copies of all documents containing the privileged information, delete any versions of the documents containing

the privileged information on any database or computer filing system it maintains, and make no use of the privileged information until such time as any dispute regarding the claim is resolved.

      5.      <u>Changes to discovery limitations.</u>  The Parties do not anticipate needing any such changes at this time.  If either party believes that it needs to exceed the limitations on the numbers of Interrogatories and/or depositions imposed by the Federal Rules, it will confer with the other party in an attempt to resolve the issue before seeking the Court's assistance.

      6.      <u>Other issues.</u>  As of this time, both parties expect to retain expert witness(es), and the Parties agree that the deadline to exchange expert reports is August 18, 2021.  If either Party retains a rebuttal expert, rebuttal reports are due on September 17, 2021, and expert depositions, if any, will be completed by October 1, 2021.  The Parties do not anticipate any other issues at this time.

Respectfully submitted,

| | |
|---|---|
| _/s/ Caren N. Gurmankin_ | _/s/ A. Klair Fitzpatrick_ |
| Caren N. Gurmankin | A. Klair Fitzpatrick (PA Bar No. 309329) |
| CONSOLE MATTIACCI LAW, LLC | Max O. Bernstein (PA Bar No. 325405) |
| 1525 Locust Street, 9th Floor | MORGAN LEWIS & BOCKIUS, LLP |
| Philadelphia, PA 19102 | 1701 Market Street |
| Tel: (215) 545-7676 | Philadelphia, PA 19103 |
| Fax: (215) 827-5101 | Telephone: (215) 963-5000 |
| Email:  gurmankin@consolelaw.com | Facsimile: (215) 963-5001 |
| | klair.fitzpatrick@morganlewis.com |
| *Attorneys for Plaintiff* | max.bernstein@morganlewis.com |
| | |
| Dated:  June 24, 2021 | *Attorneys for Defendant* |
| | Dated:  June 24, 2021 |